# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

––––––––––––––––––––

## No. 201700062

––––––––––––––––––––

### UNITED STATES OF AMERICA
Appellee

v.

### AUSTIN J. MICELI
Lance Corporal (E-3), U.S. Marine Corps
Appellant

––––––––––––––––––––

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel J.V. Munoz, USMC.
Convening Authority: Commanding General, 1st Marine Division, Camp Pendleton, CA.
Staff Judge Advocate's Recommendation: Lieutenant Colonel M. J. Stewart, USMC.
For Appellant: Lieutenant Colonel Lee C. Kindlon, USMCR.
For Appellee: Brian K. Keller, Esq.

––––––––––––––––––––

Decided 21 June 2018

––––––––––––––––––––

Before HUTCHISON, SAYEGH, and FOIL, *Appellate Military Judges*

––––––––––––––––––––

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

––––––––––––––––––––

PER CURIAM:

In a previous decision by this court we held that a mutual misunderstanding of a material term within the pretrial agreement (PTA) rendered improvident the appellant's guilty plea to a single specification of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2012). *See United States v. Miceli*, No. 201700062, 2017 CCA LEXIS 581 (N-M. Ct. Crim. App. 31 Aug 2017). We set aside the

findings and sentence—four years' confinement, reduction to pay grade E-1, and dishonorable discharge[1]—and authorized a rehearing.

At the rehearing, a military judge, sitting as a general court-martial, convicted the appellant, pursuant to his plea, of the same specification of sexual assault and sentenced the appellant to five years' confinement, reduction to paygrade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, once again, suspended confinement in excess of 36 months, pursuant to a PTA.

Although not raised as error, we find the approved sentence of five years' confinement violates the Article 63, UCMJ, prohibition against approving a more severe sentence than was approved following the original proceedings.

Article 63, UCMJ, provides that "[u]pon a rehearing . . . no sentence in excess of or more severe than the original sentence may be approved[.]" RULE FOR COURTS-MARTIAL 810(d)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) implements this statutory provision by requiring that "offenses on which a rehearing . . . has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial[.]" Simply put, five years is in excess of and more severe than four years.

Additionally, in the PTA, the CA agreed to defer and then waive, for the benefit of the appellant's dependent, automatic forfeiture of pay in the amount of $1,599.90 per month.[2] *See* Art. 58b(a)(1), UCMJ. However, in his action, the CA waived "forfeiture of pay and allowances . . . *in excess of* $1,599.90 pay per month."[3] The appellant is entitled to the benefit of his bargain. *See United States v. Olson*, 25 M.J. 293, 296 (C.M.A. 1987). "When a CA fails to take action required by a pretrial agreement, this court has authority to enforce the agreement." *United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (citing *United States v. Cox*, 46 C.M.R. 69, 72 (C.M.A. 1972)).

The findings and only so much of the sentence as provides for confinement for four years, reduction to paygrade E-1, and a dishonorable discharge are affirmed. In accordance with the pretrial agreement, automatic forfeiture of

---

[1] Pursuant to the PTA, the convening authority suspended confinement in excess of 36 months. *Miceli*, 2017 CCA LEXIS 581, at *1.

[2] At the time of the rehearing, the pay for an E-1 with more than four months of service was $1,599.90. *Military Pay Charts–DFAS.mil,* https://www.dfas.mil/militarymembers/payentitlements/military-pay-charts.html.

[3] CA's Action of 7 Feb 2018 at 2 (emphasis added).

pay in the amount of $1,599.90 pay per month is waived for a period of six months from 7 February 2018.[4]

For the Court

R.H. TROIDL
Clerk of Court

---

[4] The appellant's active duty service obligation was projected to expire on 17 March 2018, at which time he would no longer be entitled to pay. *See* Appellate Exhibit X at 1.